IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00133-BNB

MICHAEL PEPPER FREITAS,

Plaintiff,

v.

BEVERLY DOWIS, Director of Medical Providers,
KATHY LOVELL, Assistant, Medical Person,
BARRY A. GOLDSMITH, SCF Physician, and
JOANIE SHOEMAKER, Dir. of DOC Clinical Services,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 25 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Michael Pepper Freitas is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Freitas initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On February 3, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Freitas to file an amended complaint that provides specific factual allegations to demonstrate how each named Defendant personally participated in the asserted constitutional violations. Mr. Freitas was warned that the complaint and the action would be dismissed without further notice if he failed to file an amended complaint within thirty days.

On February 12, 2009, Mr. Freitas filed a "Reponse [sic] to Order to Amend the Complaint Pursuant to 42 USCA § 1983." Mr. Freitas argues in his response filed on February 12 that the original Prisoner Complaint is not deficient and he attaches to his

February 12 response a copy of the original Prisoner Complaint filed in this action. Mr. Freitas has not filed an amended complaint as directed.

The Court must construe the Prisoner Complaint liberally because Mr. Freitas is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

The Court has reviewed the original Prisoner Complaint filed by Mr. Freitas in this action and, for the same reasons specified by Magistrate Judge Boland in his February 3 order, the Court agrees that Mr. Freitas fails to allege specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. As Magistrate Judge Boland explained to Mr. Freitas, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Magistrate Judge Boland also advised Mr. Freitas that, in order to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

2

Mr. Freitas identifies the specific legal right that allegedly has been violated because he contends that Defendants have been deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution. However, Mr. Freitas fails to allege in the Prisoner Complaint precisely what each Defendant did to violate his Eighth Amendment rights and he fails to specify when each Defendant allegedly violated his Eighth Amendment rights. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. It is not sufficient for Mr. Freitas to allege generally that Defendants have been deliberately indifferent to his serious medical needs. He must provide specific allegations regarding each Defendant's knowledge that he faced a substantial risk of serious harm and each Defendant's failure to take reasonable measures to abate that risk.

For these reasons, the Court finds that the original Prisoner Complaint lacks specific allegations to demonstrate that any of the named Defendants personally participated in the asserted constitutional violations. The instant action will be dismissed without prejudice for failure to file an amended complaint alleging personal participation as directed. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice for failure to file an amended complaint alleging personal participation as directed.

DATED at Denver, Colorado, this 25 day of March, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00133-BNB

Michael Pepper Freitas
Reg No. 47968
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  3/25/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk